(100 South. 410)

No. 24253.

## JEANSONNE v. TEXAS & PAC. RY. CO.

(April 30, 1924.)

*(Syllabus by Editorial Staff.)*

**Railroads ⟐327(1)—Automobile driver held negligent in failing to keep lookout.**

Where plaintiff's decedent, driving an automobile, approached defendant's railroad crossing without looking for train which would have been visible at least 40 to 50 feet away, and was struck, *held*, that he was grossly negligent, barring recovery.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by Clemence Jeansonne against the Texas & Pacific Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

E. A. Edwards and John W. Lewis, of Opelousas, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, and Peterman, Dear & Peterman, of Alexandria, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiff sues for the death of her husband, who was killed by one of defendant's trains at a public road crossing. She alleges there was an utter failure to give any warning or signal of the train's approach, and the engineer also failed to keep a proper lookout.

Defendant denied that it was at fault, and pleaded contributory negligence in the deceased.

The lower court (the case having been tried without a jury) found that defendant had failed to give the proper signals, but that plaintiff could not recover because deceased was also guilty of negligence in not exercising ordinary care for his own safety, which continued down to the moment of the collision.

Plaintiff has appealed.

## Opinion.

The case therefore turns almost entirely upon questions of fact. Since, if deceased was guilty of contributory negligence, it would be unnecessary to inquire into defendant's conduct, we take up first the point upon which the lower court rejected plaintiff's demand, i. e., the question of whether her husband's fault contributed to his death.

Deceased was engaged in the public transfer business, and at the time of the accident had as passengers three colored men whom he was transporting to Morrow station in St. Landry Parish. He was driving an old and much worn Ford car, with one of the men riding on his right in the front seat, and the other two in the back. It was in midday in August, and the rear curtains alone were up. He approached the railroad track from the west, and at practically right angles thereto, on the public road, with the view of crossing at a point called "Reed's Crossing," named after a farmer living near by, and who testified as a witness. The train came from the north (the tracks running approximately north and south at this point), and therefore towards the side of the automobile on which deceased was sitting and driving. The railroad tracks were upon a dump some three or four feet high, which vehicles had to ascend in crossing. On deceased's left for several hundred feet, and in the angle formed by the public thoroughfare and railroad, was an open field, with pickets or fence, extending up to a distance estimated by different witnesses to have been from 40 to 50 feet and up to as much as 50 yards of the crossing; but it was shown that the top of the train could be seen practically all the way along. Deceased approached the track at a rapid rate, with his old car making a very loud noise—so much so that it attracted the

attention of certain witnesses who were near by and saw the collision. He never stopped, but continued at the same pace until he was upon the track, where the car was struck amidships by the pilot of the fast-moving passenger train (running 40 to 50 miles an hour), and carried approximately a quarter of a mile. All occupants of the Ford were either killed outright or died shortly afterwards. The train was about 30 minutes late, and it was shown that deceased traveled the road constantly, and was thoroughly familiar with conditions, as well as the train schedule, and this fact may have caused him to think it had already passed. However, with the warning sign which stood at the crossing and his own knowledge of the conditions, and, in view of the fact that under a conclusion of the facts most favorable to him he had at least 40 to 50 feet clear view of the approach of the train, and could easily have stopped on an up grade had he once looked to the left for his own safety, as he was bound in the law to do, we think deceased was unquestionably guilty of very gross negligence which bars his recovery, regardless of the fault of defendant. Leopold v. Texas & Pacific Ry. Co., 144 La. 1000, 81 South. 602; Young v. La. West. R. Co., 153 La. 129, 95 South. 511; Tucker v. Ry. Co., 141 La. 1101, 76 South. 212.

Judgment affirmed.