O’NIELL, J.
The plaintiff appeals from a judgment rejecting her demand for damages for personal injuries.
In a milk wagon in which were also two children, between 6:30 and 7 o’clock in the evening of the 30th of July, she attempted to cross the street railway tracks on Canal street at Bernadotte street, in New Orleans, and her vehicle was struck-by an electric car of the defendant company. She says that, before attempting to cross the tracks, she stopped to allow two street cars approaching in opposite directions to cross Bernadotte street, and then looked up and down the track to see that no other car was approaching. There was nothing to obstruct her view, and we are unable to understand why she did not see and hear the other car approaching. The testimony differs very much as to how far the car was from Bernadotte street when the plaintiff attempted to cross the tracks. It was a special, crowded with passengers, and not due to stop for others, and was going rather fast, although the motorman says he was going at half speed. The car struck the hind wheel of the milk wagon, shoved it several feet along the track, and smashed the wheel on the opposite side of the wagon. The plaintiff suffered a severe shock to her nervous system, but fortunately she and the children were not otherwise injured.
The testimony in this case leaves no doubt that the motorman applied his brakes quickly and made his best effort to avoid the collision. When he stopped, the front end of his car was in the middle of Bernadotte street. He could not know that the plaintiff would attempt to cross the tracks in front of his ear until she made the attempt, and then it was too late for the motorman to avoid the collision. She ought to ,,have known— and with ordinary prudence would have seen — that the car might reach Bernadotte street before she could cross the tracks; hence she assumed the risk in attempting to cross in front of the car.
Our conclusion is that the defendant company and its employes were free from fault or negligence in this case, and that the judgment appealed from is correct. We affirm the doctrine heretofore announced in two very similar cases, Cowden v. Shreveport Belt Railway Co., 106 La. 236, 30 South. 747, and Heebe v. New Orleans & Carrollton Railroad, Light & Power Co., 110 La. 970, 35 South. 251, that to attempt to drive a vehicle across street railway tracks in front of an approaching car, which could and should have been seen with ox*dinary care and prudence, is such negligence as must prevent the recovery of damages for injuries resulting from a collision with the car.
The judgment is affirmed.