No. 8777.

Orleans Appeal.

## RUEKEL WHITE LEAD COMPANY, Appellant, v. J. T. KIRN.

(January 5, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 625.**
The reluctance of an Appellate Court to disturb the findings of fact by a Trial Court must yield to the necessity of reversing such findings when they appear to be clearly erroneous.

Appeal from Civil District Court, Parish of Orleans, Div. "E", Hon. Wynne G. Rogers, Judge.

This is a suit for the purchase price of kegs of White Lead.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Sol Weiss, J. B. Cocke, Weiner & Yarrut, attorneys for plaintiff and appellant.

John J. Reilley, attorney for defendant and appellee.

WESTERFIELD, J. This is a suit for the purchase price ($169.00) of twenty 100-pound kegs of Reukel White Lead at $8.45 per keg. The defendant admits the purchase, but avers that the lead was of inferior quality and not as represented.

From a judgment against him, the plaintiff has appealed.

Three witnesses have testified in the case. The plaintiff, F. P. Kasper of St. Louis, Mo., whose trade name is The Ruekel White Lead Company, the defendant, and one other witness in defendant's behalf.

The plaintiff, whose evidence was taken by Commission, testifies that he is and has been a manufacturer of white lead for a number of years, selling his product all over the United States without complaint from any source, that he uses the same formula in all cases and that he has sold to defendant in the past, lead of the same grade and quality as the shipment complained of and was paid for same without question.

The defendant, testifying in his own behalf, was very much confused. He gives two or three conflicting statements as to the time of his discovery of the defects in the lead, which his counsel imputes to the universal difficulty experienced in remembering dates, but which, since he makes no effort to give the day of the week or month, simply mentioning a number of months after certain events, such as the beginning of the erection of certain houses without even approximating each other, we think renders his testimony most unsatisfactory. Moreover, five months after the receipt of the lead he writes plaintiff promising to pay his bill and excuses his delay in settlement upon the ground of illness without any complaint of the quality of the lead. He also admits having bought white lead from plaintiff before which was "A-1 very good".

The other witness in the case was a painter employed by defendant. He testified that the paint in which the white lead bought from plaintiff had been mixed, peeled off the houses to which it had been applied six months after the application. He is unable to say why the paint peeled off, but supposes it was "on account of the lead wasn't much kind of a lead". He didn't know where the houses were located which he had painted and couldn't tell when he painted them, but "it must be around a year ago or so", which would be a "year ago or so" after defendant testified he began to use the lead.

We are reluctant to disturb the trial court finding in this case, based as it is upon a pure question of fact, nevertheless, we find ourselves in complete disagreement with his judgment as to the weight of the

evidence, which seems to us clearly in plaintiff's favor.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment for plaintiff as prayed for in his original petition, with costs of both courts.