No. 10,302
Orleans

---

## OCTAVE J. TOURMILLION v. NEW ORLEANS PUBLIC SERVICE INC., Appellant

---

January 4, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 625, 630.**
The reluctance of an appellate court to disturb the finding of fact by a trial court must yield to the necessity of reversing such findings when they appear to be clearly erroneous.

2. **Louisiana Digest—Automobiles—Par. 4 (a), 4 (b).**
One who attempts to drive an automobile across a street railway track in front of an approaching street car, when the latter could have been easily seen and heard, is guilty of negligence and is not entitled to damages to the car arising from the collision.

3. **Louisiana Digest—Evidence—Par. 42.**
In a damage suit, failure on part of plaintiff to produce or to account for the absence of a witness who, from circumstances made plain by other evidence, must have known better than all other witnesses the facts and circumstances of the accident, raises strong presumption that the testimony of the absent witness could have been unfavorable.

(Civil Code, Art. 2315 Editor's note.)

Appeal from First City Court for the City of New Orleans, No. 128,975, Section "A". Hon. W. Alexander Bahns, Judge.

This is a damage suit arising out of a collision between an automobile and a street car.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

J. B. Jouandot, of New Orleans, attorney for plaintiff, appellee.

Benj. W. Kernan, of New Orleans, attorney for defendant, appellant.

BELL, J. Plaintiff brings this suit for $231.10 damages to his automobile sustained in a collision with the defendant's street car. The accident occurred at one o'clock in the morning at the corner of Canal and Lopez streets, in the city of New Orleans, on October 23, 1924. The negligence with which the defendant is charged is that the street car was being operated at an excessive rate of speed. Plaintiff alleges that his car was being driven in a careful and lawful manner, and while the driver thereof, to whom the car had been loaned, was attempting to cross from the downtown side of Canal street to the uptown side thereof, and that when the automobile had almost cleared the tracks of the defendant company, on the uptown side of the neutral ground, its right rear wheel was struck by the defendant's car.

Defendant answers, denying the allegations of damage and of negligence, and avers that the driver of the automobile was

negligent in crossing the track at a time when defendant's car was approaching so close to the crossing that anyone exercising ordinary care could have seen and avoided the accident.

There was judgment in favor of plaintiff and defendant has appealed.

The evidence shows that the automobile was driving out Canal street, toward the lake, on the lower driveway of said street. There were six persons in the car, including the driver thereof. All of plaintiff's witnesses testify that the automobile was moving at a slow rate of speed, between five and ten miles an hour, and that at the moment when the driver attempted to cross the neutral ground at Lopez street, the oncoming car was at least a whole block, or 300 feet away, and that the street car was traveling at a very rapid rate of speed. All of the witnesses testify that the automobile did not stop before crossing the track.

Defendant produces two witnesses other than the conductor and motorman who were operating the car. These two witnesses are shown to have been at least three blocks away, and their testimony is of no value in this case, except to establish the fact that the crash of the collision was heard by at least one of them. The conductor's testimony is also of little value for the reason that he was engaged in calculating his fares, the car at the moment being on its final trip to the barn. Both the conductor and the motorman admit that the car was going at a rapid rate of speed, which the evidence establishes was not more than twenty-five miles per hour.

The driver of the automobile was not a witness in this case, nor does plaintiff account in any manner for his failure to place this witness on the stand. It must be presumed from all the circumstances of this case that had the driver testified his evidence would have been unfavorable to the plaintiff. It is plain, from all of the testimony before us, that the driver and all of the occupants of the automobile could have plainly seen the approaching street car, which was moving in Canal street toward the river, in the opposite direction from that which the automobile was traveling; before it was turned or driven across the neutral ground.

The simplest arithmetical calculation completely destroys the testimony of plaintiff's witnesses to the effect that the street car was some 300 feet away from the automobile when plaintiffs attempted to go across the neutral ground. Assuming, under most liberal estimates, that the neutral ground is 45 feet wide, and that the Nash automobile in this case was some 15 feet long, it follows that the rear end of the automobile had to travel 60 feet to reach the upper driveway of Canal street. The evidence is that the automobile was not moving faster than 10 miles an hour. At this speed, the rear end of the vehicle should have traveled 60 feet in not more than four seconds. In this same space of time the front end of the car, which plaintiff claims was 300 feet away at the time his automobile began to cross, would have traveled at a maximum speed of 25 miles an hour only 146 feet. The street car would then have been 154 feet away from the automobile at the time the latter vehicle had entirely crossed the neutral ground.

We therefore conclude that at the moment which the driver of the automobile turned out the lower driveway of Canal street and into the neutral ground thereof, the street car was not more than half a block away.

Under these circumstances it was gross negligence on the part of plaintiff's driver to have attempted the crossing. Innumerable decisions of the Supreme Court in similar cases justify this conclusion.

In McShane vs. N. O. Ry. & Lt. Co., 137 La. 830, 69 South. 268, a milk wagon

attempted, in a similar manner as in the instant case, to cross the street railway tracks on Canal street. There was conflicting testimony as to the distance of the street car from the wagon, and the court found that the street car was going, as in this case, at a rapid speed. The car struck the wagon's hind wheel in a manner similar to the facts in the present case. There was also evidence as in this case that the motorman promptly applied his brakes and made every effort to avoid the collision, and that his car, as in this case, traveled but a short distance after striking the wagon. The court said:

"Our conclusion is that the defendant company and its employees were free from fault or negligence in this case. * * * We affirm the doctrine heretofore announced in two similar cases, Cowden vs. Shreveport Belt Railway Co., 106 La. 236, 30 South. 747, and Heebe vs. N. O. Carrollton Railroad, Light and Power Company, 110 La. 970, 35 South. 251, that to attempt to drive a vehicle across street railway tracks in front of an approaching car, which could and should have been seen with ordinary care and prudence, is such negligence as must prevent the recovery of damages from injuries resulting from a collision with the car."

Further authority supporting the above doctrine is found in Marston et al. vs. Shreveport Traction Company, 140 La. 18, 72 South. 794. In this case the court, affirming the McShane decision above noted, stated, under its own syllabus, the following:

"The driver of an automobile who, on pulling out of a garage, glanced down the street and saw a car approaching some 300 feet away, and who, without looking again, drove heedlessly on the track and came in collision with the electric car, was guilty of such negligence as to bar his recovery of damages. In the absence of evidence showing with legal certainty that the motorman was operating his car at a dangerous rate of speed, or by the exercise of ordinary care after the discovery of the danger could have avoided the collision."

See also Leopold vs. T. & P. R. R. Co., 144 La. 1000, 81 South. 602; Tucker vs. I. C. R. R., 141 La. 1101, 76 South. 212; Fallo vs. N. O. Ry. & Lt. Co., No. 8945 Orl. App.

We reluctantly and resepectfully differ with the conclusions of the trial judge in this case. While he saw and heard the witnesses, we find, from the evidence, that a reversal of the judgment is imperative.

Mill vs. Lewis, 2 La. App. 864; Ruekel White Lead Co. vs. Kirn, 1 La. App. 395.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed and set aside, and that there now be judgment in favor of the New Orleans Public Service Company Inc., dismissing plaintiff's suit at his cost in both courts.