## CARUSO v. NEW ORLEANS PUBLIC SERVICE, Inc.

### No. 14023.

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

Wm. H. Talbot, of New Orleans, for appellant.

Ivy G. Kittredge, of New Orleans, for appellee.

WESTERFIELD, J.

Plaintiff claims $3,336 as damages for physical injuries alleged to have been caused by a collision between a milk wagon drawn by two mules and driven by plaintiff and a street car operated by the defendant company. There was judgment below in favor of the defendant dismissing plaintiff's suit, and plaintiff has appealed.

The accident occurred on the 25th day of August, 1930, at about 5 o'clock a. m., at the intersection of Freret and Robert streets.

The negligence imputed to the motorman in charge of the defendant's street car consists in the allegation that he operated his car at a very high rate of speed and failed to keep a proper lookout. Defendant denies that its employee was negligent in the respect claimed, and attributes the accident to the alleged fact that Caruso, plaintiff herein, drove his mules across the street car track at a fast trot, without stopping, looking, or listening, and at a time when its street car was so close as to make it impossible for the motorman to stop in time to prevent the collision.

Plaintiff, with the burden of proof resting upon him, produced only one witness, Louis T. Allen, whose testimony may be said to have corroborated his version of the accident. The testimony of this witness is unsatisfactory. He was employed near the scene of the accident at a gasoline filling station, and testified that, as he was in the act of picking up the hose for the purpose of putting gasoline in the tank of an automobile for a customer, he saw a street car about a block away, and that, when he put the nozzle in the tank, he heard the crash resulting from the impact of the two vehicles. This statement is either erroneous or grossly exaggerated, because, in the fraction of a second required to place the hose in the gasoline tank, the street car would be utterly incapable, even at its highest possible speed, of traversing an entire city block, about 300 feet according to the evidence. Consequently we attach no importance to this statement.

On the other hand, the defendant, in addition to its motorman and conductor, offered the testimony of a Miss Shonekas, who was in the car into which Allen was pouring gasoline at the time of the accident. This witness testified that she heard the mules trotting out Robert street in the direction of the river, saw them cross the track at the intersection of Robert and Freret streets, and saw the collision between the street car and the mule-driven milk wagon.

The best that can be said of plaintiff's case is that it is made equally probable with defendant's, but this is not enough, since, in order to recover, plaintiff should establish the defendant's negligence by a preponderance of testimony, and this he has failed to do. The trial judge was of this opinion, and we think he was correct.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.