## CARNAHAN v. NEW ORLEANS PUBLIC SERVICE, Inc.

### No. 14377.

Court of Appeal of Louisiana. Orleans.

Jan. 16, 1933.

M. A. Woodruff and Ivy G. Kittredge, both of New Orleans, for appellant.

Porteous, Johnson & Humphrey and Julian B. Humphrey, all of New Orleans, for appellee.

HIGGINS, J.

This is a suit for the sum of $103.31, covering property damage to a Ford truck, destruction of milk bottles, and the loss of a certain quantity of milk, said to have resulted from a collision between defendant's street car and plaintiff's truck at the intersection of Chippewa and Soraparu streets, this city, on May 22, 1931, about 2 o'clock a. m.

The charges of negligence against the defendant are that the motorman of the street car was operating the car at an excessive rate of speed and that he failed to observe the truck which had entered the intersection first and, under the provisions of the Traffic Ordinance No. 7490 C. C. S., had gained the right of way at the crossing.

Defendant admitted that there was an accident, but denied liability and pleaded contributory negligence.

There was judgment dismissing the suit, and plaintiff has appealed.

Chippewa street is unpaved and runs from uptown to downtown, and in the center thereof are located the defendant's street car tracks. Soraparu street is also unpaved and runs from the river to the lake, intersecting Chippewa street at right angles. The milk truck of the plaintiff was being driven by its employee towards the lake on Soraparu street and the street car was proceeding downtown on Chippewa street. The street car struck the left rear side of the truck causing it to turn over, partly in the gutter and partly on the sidewalk on the downtown lake side of Soraparu street, about 10 or 12 feet from the property line of Chippewa street. The street car stopped on Chippewa street with its rear end about 50 feet from the lower side of Soraparu street.

The only eyewitnesses to the accident were the driver of the truck and the motorman and conductor on the street car, and their testimony is directly in conflict. The truck driver testified that he had stopped on Soraparu street about 60 feet from Chippewa street to deliver milk; that he then started his truck and came to a full stop at the intersection of Chippewa street; that observing the approach of the street car at a "terrific speed" one block away and believing that he had sufficient time to cross, he started over at a speed of approximately 5 miles per hour; that as his truck got on the street car tracks he observed that the street car was "right upon him"; that the street car struck the extreme left rear of the truck and caused it to turn over on the downtown lake corner of the intersection; that he was injured and taken to the hospital where he was treated.

The driver's father and a disinterested witness testified that when they arrived at the scene, immediately after the accident occurred, the street car was stopped about 160 or 170 feet from the downtown side of Soraparu street on Chippewa street, and the truck was overturned partly on the sidewalk and partly in the gutter about 10 or 12 feet from the property line of Chippewa street on Soraparu street, the downtown lake corner of

the intersection; and that there was damage to the extreme left rear side of the truck.

The motorman and conductor testified that they were in charge of a large steel street car, weighing 42,000 pounds and measuring 47 feet, 8 inches in length, and proceeding from Audubon Park towards Canal street; that the street car was being driven at a rate of speed of about 25 to 27 miles per hour or "full speed," but as it reached a spot about 60 feet from the intersection of Soraparu street, the motorman turned off the electric current in order to permit the car to coast around a curve; that upon emerging from the curve the motorman again applied the current, and when within 8 or 10 feet from the property line of Soraparu street, the car gained a speed of about 20 or 22 miles an hour. The motorman further stated that when the street car had reached a point of about 8 or 10 feet from the property line of Soraparu street, he observed the truck about 12 or 15 feet from the intersection of Chippewa street, going in the direction of the lake at a fast rate of speed; that the truck did not stop but "dashed in front of the street car"; that he sounded his gong, immediately shut off the current, applied the emergency brakes, and did everything he could to bring the car to a stop, but on account of the close proximity of the truck at the time he was unable to do so, with the result that the left side of the street car struck the extreme left side of the truck, causing it to turn over as we have already described; that after he saw that the truck had cleared the tracks, he released his brakes in order that the car would come to a smooth and gradual stop, rather than a violent or sudden one.

The conductor states that he was on the rear of the car, and as it approached the intersection, he was thrown forward by the sudden application of the brakes; that he then saw the truck as it passed to the left front of the street car after the collision; and that it was going at a fast rate of speed.

It is difficult for us to accept the truck driver's version of how the accident occurred because his truck had only a distance of 28 feet to travel to clear the tracks, while the street car was negotiating an entire city block or approximately 300 feet. The truck was going about 5 miles per hour and the street car not in excess of 25 miles per hour. Therefore, by simple arithmetic it would appear that the truck would have passed over the tracks while the street car would still have been a considerable distance away from the intersection.

Further if the truck was only going 5 miles an hour as it crossed over the tracks and the extreme rear of the truck was struck by the street car, we do not feel that it would have traveled half the width of Chippewa street, which is 26 feet, 5 inches, plus the width of the sidewalk on Chippewa street, which is 8 feet, 3 inches, and come to rest 10 or 12 feet from the property line of Chippewa street on Soraparu street. This circumstance leads us to believe that the truck did not stop at the intersection before proceeding to cross and was going much faster than 5 miles per hour.

Under the provisions of the Traffic Ordinance No. 7490 C. C. S., the street car had the right of way, unless the truck entered the intersection previous to the car arriving there. But we are convinced that both vehicles approached the intersection at approximately the same time and, therefore, the street car had the right of way.

The circumstance of the street car striking the left rear of the truck and then coming to rest approximately 100 feet from the intersection is explained by the testimony of the motorman and the conductor that the motorman closed off the electric current of the car some 8 or 10 feet from the property line of Soraparu street and applied the emergency brakes which arrested the speed of the car. This gave the truck an opportunity to get further into the intersection, particularly in view of its driver's testimony that he did not slacken his speed but accelerated it as much as he could to get across.

The fact that the street car stopped 100 feet from the intersection is also explained by the motorman and conductor, as they state that after the impact and the truck had cleared the tracks, the motorman released his brakes in order to let the car come to a smooth and gradual stop.

The trial judge who heard and saw the witnesses believed the testimony of defendant's witnesses, and a careful reading of the record leads us to the conclusion that his findings are correct. Dieck v. N. O. City & Lake R. R. Co., 51 La. Ann. 262, 25 So. 71; Caruso v. N. O. P. S., Inc. (La. App.) 142 So. 860, 861; Dubose v. N. O. Ry. & Lt. Co., 123 La. 1029, 49 So. 696; McShane v. N. O. Ry. & Lt. Co., 137 La. 830, 69 So. 268. But in any event it is clear that the truck driver was guilty of contributory negligence which bars recovery.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.