Argued September 8, affirmed September 22, 1914.

## GREGOIRE *v.* PORTLAND RY., L. & P. CO.

(143 Pac. 1103.)

**Street Railroads—Operation—Personal Injuries.**

1.  Where the driver of a wagon, before crossing a street railroad, saw a car approaching, but misjudged its distance or underestimated its speed or otherwise mistakenly believed that he had time to cross, and the accident was not caused by the negligence of the street railway company or its motorman, the company is not liable.

[As to duty of traveler, after looking both ways on approaching railroad track, to look again just before crossing, see note in Ann. Cas. 1914A, 536.]

**Street Railroads—Operation—Negligence—Contributory Negligence.**

2.  Where the driver of a wagon, after seeing a street-car approaching, turned to cross the track when he had no reasonable grounds for believing that he could pass in safety, he was negligent.

From Multnomah: JAMES W. HAMILTON, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by Oscar J. Gregoire against the Portland Railway, Light & Power Company.    It appears from the evidence that plaintiff resides at 471 East Twelfth Street, about 175 feet south of the crossing of Carruthers Street.    On the morning of the 31st day of August, 1912, plaintiff was driving with a team and loaded wagon north on the east side of East Twelfth Street, intending to go west on Carruthers Street.    He saw a car coming south on East Twelfth Street long before he turned to cross the track to Car-

ruthers Street. The horses just got across the track when the car struck his wagon and threw him into the street, causing the injury of which he complains. The motorman and other witnesses on the car testify that he was visible from the car nearly a block away, but that it was not noticed that he was going to turn across the track until the car was within six feet of the north side of Carruthers Street; that while he was turning across the track he was not observing the car nor hurrying the team. The motorman saw the team on the east side of East Twelfth Street, but had no occasion to pay any attention to it until it turned across the track. On the trial the court instructed the jury, among other things:

"The court instructs the jury that if you believe from the evidence that before the plaintiff attempted to cross the track of the defendant he looked in the direction from which the car of defendant was approaching and saw that the same was so approaching, but that he misjudged the distance necessary for the car to run before it reached the crossing, or underestimated the rate of speed at which the car was traveling, or that he believed from any other reason that he had time to make the crossing, and that he was mistaken in his judgment of the distance and speed, or any other matter, and you further believe that the accident was not caused by any negligence on the part of defendant or its motorman in charge of its street-car, then your verdict should be for the defendant."

Upon the trial the jury rendered a verdict in favor of the defendant. From a judgment thereon, plaintiff appeals.                                         AFFIRMED.

For appellant there was a brief over the names of *Messrs Cole & Cole, Mr. Harold A. Wilkins* and *Mr. Alfred P. Dobson,* with an oral argument by *Mr. George Cole.*

For respondent there was a brief over the name of *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Rufus A. Leiter.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. The assignments of error by the plaintiff relating to the ruling of the court regarding the admission of testimony were not prejudicial to plaintiff's case, and will therefore not be considered.   The instruction above quoted, the giving of which is assigned as error, we think states the law as applied to the facts developed at the trial, and was unobjectionable.   The car was in plaintiff's view all the time, and he knew that it was approaching him.   Men on the car say that it was near the crossing of Carruthers Street, when plaintiff turned upon the track, and the plaintiff himself says his horses had just got off the track when the front wheel of his wagon was hit by the car and badly demolished.   Some of the witnesses say that when the plaintiff was passing over the track he was paying no attention to the approaching car, and evidently thought it was the place of the car to stop at the crossing and wait for him to pass.   He certainly could not have expected to get safely over the track under the circumstances unless the car stopped.   It assuredly was carelessness on his part to attempt to cross the track with the moving car so close.   The motorman showed diligence in his efforts to stop the car after he saw the team coming upon the track.   Trout, a witness who was standing beside the motorman, testifies that the motorman said: "Look at that!   What do you know about that!" and applied the emergency brake as he spoke.   Counsel cite the case of *Donohoe* v. *Portland Ry. Co.,* 56 Or. 58 (107 Pac. 964), to the effect that

a driver of a vehicle upon reaching a street railway crossing is not required to stop and wait until an approaching car had passed, but that case holds that it is negligence for a traveler not to look and listen for approaching trains before attempting to cross a railway track, and quotes from Baldwin, Railroad Law, 418:

"A driver of an ordinary vehicle can proceed at a highway crossing to go over a street railway in the face of an approaching car when, and only when, he has reasonable ground for believing that he can pass in safety, if both he and those in charge of the car act with reasonable regard to the rights of others."

We find no error in the trial. The judgment is affirmed.                                                     Affirmed.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McNary concur.