ADDIE M. YETTER, Appellant, v. CEDAR RAPIDS & MARION CITY RAILWAY COMPANY, Appellee.

RAILROADS: Accidents at Crossings—Contributory Negligence. Deliberately gambling, without excuse or justification, on one's ability to pass a crossing, before an approaching and visible street car could hit him, leads to one unavoidable conclusion: contributory negligence.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

MARCH 5, 1918.

WHILE appellant was in an automobile driven by her fifteen-year-old son, this car collided with a street car operated by the defendant company, and plaintiff brings suit for damages sustained by alleged negligence in the operation of said street car. Verdict was directed for defendant, and plaintiff appeals.—*Affirmed.*

*Redmond & Stewart,* for appellant.

*Barnes & Chamberlain,* for appellee.

SALINGER, J.—I. It will profit no one to go into an extended review of the testimony. The outstanding facts are that the driver of the automobile, whose negligence, if any, is imputable to the plaintiff, approached the street on which the street car line was being operated. Before arriving with-

in 50 feet of the car track, he could, had he looked, have seen a car coming, 300 feet away. While in this situation, he was able to stop his car at any time, because he was only going at from 6 to 8 miles an hour. He deliberately turned to cross the track upon which the street car was coming, when he did or could see it coming, and the injury resulted. He declined to say he could not have stopped in time to avoid the accident. All the machinery in the automobile was in good condition. In the last analysis, the case is not far from an unsuccessful gamble that the auto could be driven across the track before an approaching street car would strike it. If it may be said that the miscalculation was due to the excessive speed at which the street car was going, and if we assume one may deliberately drive across a street car track when he can stop, and though he sees a car approaching at great speed, the physical facts show that the main reliance, the speed of the car, is not established by the physical facts. Among these may be noted that the street car ran only three feet after colliding with the automobile. The case is fairly within the principle which is applied in *Duggan v. Chicago, M. & St. P. R. Co.*, 179 Iowa 1072, and other of our "crossing cases." As said, neither the litigants nor the bench and bar will be helped by more extended discussion. It seems to be a clear case of contributory negligence, and we are constrained to sustain the direction of the verdict for the defendant.—*Affirmed.*

Preston, C. J., Ladd and Evans, JJ., concur.