Argued October 14, reversed November 9, 1926.

# J. W. GRASLE *v.* PORTLAND RAILWAY, LIGHT & POWER COMPANY.

(250 Pac. 379.)

**Negligence.**

1. One whose own negligence contributes to his injuries cannot recover from another party, though he also is guilty of negligence.

**Street Railroads—Automobile Driver, Making Left-hand Turn Close Behind Street-car, Struck by Car Coming from Opposite Direction, Held Contributorily Negligent, as Matter of Law.**

2. Automobile driver, who, while closely following street-car, attempted to make left-hand turn at street intersection and was struck by street-car coming from opposite direction, *held* contributorily negligent, as a matter of law, for turning without looking or recklessly attempting to pass in front of fast-approaching car.

---

Negligence, 29 Cyc., p. 507, n. 47.
Street Railroads, 36 Cyc., p. 1527, n. 2, p. 1605, n. 30.

From Multnomah: H. H. BELT, Judge.

Department 2.

The plaintiff recovered judgment against the defendant for personal injuries and damage to his automobile received in a collision between plaintiff's automobile and one of the street-cars of the defendant in the intersection of Third and Main Streets, Portland. The plaintiff was driving a Buick Six northerly along Third Street astride of the eastern rail of the north-bound track of the defendant. He was following one of the street-cars of the defendant about fifteen feet distant. He drove his car to the center of Main Street and then turned to go westward on Main Street when his automobile was struck by the south-bound street-car on the western track

---

1. See 20 R. C. L. 99.
2. Automobile driver's duty to look and listen at street intersection, see note in 28 A. L. R. 229. See, also, 25 R. C. L. 1278.

of the defendant. The forward left-hand corner of the street-car struck the left-hand forward corner of the automobile. Defendant appeals from the judgment entered upon a verdict assigning as errors the denial of defendant's motion for a directed verdict in its favor and the court's refusal to give certain instructions requested by defendant. Defendant pleaded in an answer contributory negligence on the part of the plaintiff.                        REVERSED.

For appellant there was a brief over the name of *Messrs. Griffith, Leiter & Allen* with an oral argument by *Mr. Cassius R. Peck.*

For respondent there was a brief over the name of *Messrs. Davis & Farrell,* with an oral argument by *Mr. Paul R. Harris.*

COSHOW, J.—The negligence relied upon by the plaintiff to fasten liability on the defendant is that the defendant was operating its car which collided with plaintiff's automobile at a high and unlawful rate of speed estimated by plaintiff to have been twenty miles an hour. The ordinance limits the speed of street-cars at intersections to the rate of twelve miles an hour. The plaintiff followed the north-bound car which obstructed his view for any great distance ahead of him. It is not possible for us to determine, from the testimony of the plaintiff who was the only witness in his behalf, whether or not he observed the car approaching from the north before he started to turn westward. In as much as the north-bound car was only fifteen feet ahead of him he could not have seen the car approaching but a few feet beyond the intersection. Plaintiff estimates the distance at which he first saw the car to

be thirty feet and twenty feet from the place of the collision. He testified that the car was coming at a rapid rate of speed; that his automobile was proceeding very slowly into said section, about eight miles an hour and that he could have stopped his automobile within five feet. He also said that as soon as he saw his danger he turned off the gas and applied his brakes, but that he could not have avoided the collision if he had stopped within six inches. This would indicate very strongly that he did not look before he turned to cross the western track which he must cross in order to travel westward along Main Street. If he did not look until he was so close to the westward track that he could not have avoided a collision by stopping within six inches, then he was guilty of gross carelessness in attempting to cross the street-car track without first looking for a street-car. Following another street-car as he was, it was his duty not to attempt to cross the other track without first looking to see whether or not a street-car was approaching the intersection. Under the ordinance of the City of Portland, the street-car had the right of way at the intersection. On the other hand, if, before he started to turn, he observed the street-car approaching the intersection at a rapid rate of speed he was guilty of gross carelessness in attempting to cross the track in front of the car under the circumstances. In his direct testimony plaintiff said that when he first saw the car it was forty or fifty feet away. We infer from that that he saw the car before he undertook the turn.

1. The law is well settled in this state that one contributing by his own negligence to his injuries cannot recover damages from another party though it also be guilty of negligence. This rule of law the plaintiff does not controvert. A map of the inter-

section where the collision occurred drawn to a scale was introduced and used to illustrate the manner of the collision. Plaintiff marked upon the map the position of the street-car, the point of the collision and the point where he started to turn. Accepting the testimony of the plaintiff that the street-car was running at twenty miles an hour and taking into consideration the distance the street-car traveled in order to collide with the plaintiff's automobile and also the distance the automobile traveled in order to receive the blow from the street-car, we are forced to the conclusion that had the street-car been traveling at the lawful rate of speed, namely twelve miles an hour, a collision would have occurred. It must be remembered that plaintiff's automobile was struck before it got upon the west or south-bound track of the defendant. While the automobile was traveling to the point of collision, the street-car would have traveled nineteen and five-tenths feet at the rate of twelve miles an hour and instead of the left-hand front corner of the car striking the left-hand front corner of the automobile it would have struck the automobile near its center. We cannot escape the conclusion, therefore, that the collision was caused primarily by the plaintiff attempting to cross the track of the defendant either without looking in time to avoid a collision or in recklessly trying to cross in front of the oncoming street-car traveling at a high rate of speed. The plaintiff was not put in a position where he must decide quickly as to his course of action in order to avoid the collision. There is nothing in the record to have prevented him from traveling in a northerly course until the street-car had passed out of his way. By his own testimony if he had tried to stop when he started to turn, he could have stopped eight feet from the point of collision.

The point from where he started to turn and where the collision occurred is about thirteen feet, and plaintiff testified that he could have stopped in five feet.

2. Giving him the most favorable consideration, plaintiff is clearly guilty of negligence contributing to his injuries. His negligence is aggravated by the fact that he was following a north-bound street-car which obstructed his view ahead. In the light of that circumstance he should not have attempted to cross the south-bound track without making an effort to see that the way was open for him to cross in time to have avoided the collision. The situation here is different from a case where his view might have been obstructed by natural objects and he had exercised his best judgment in looking and listening to determine whether or not he could safely cross the track. A street-car is confined to the rails. An automobile has the choice of one-half of the street in which to travel.

The plaintiff does not claim to have believed that he had time to cross the track ahead of the street-car if the latter had been operated at a lawful rate of speed. His testimony is to the effect that when he saw the south-bound street-car it was right, on him. His words were:

"I looked right on ahead there and when I saw the street car, why, of course she was right on top there when I glanced ahead."

He would not testify that he looked for a south-bound street-car before turning from a northerly course westwardly to cross the south-bound track. His automobile was struck before it got upon the track. There was nothing done by the defendant that to any extent induced the plaintiff to turn in front of the south-bound car. He placed himself in

the position behind the north-bound car: Beach on
Cont. Neg. (3 ed.), p. 105, § 67; *Kern* v. *Des Moines
C. Ry. Co.,* 141 Iowa, 620 (118 N. W. 451).

If plaintiff looked for a south-bound car as he was
turning westward, he could have seen the approaching
south-bound car when he was thirteen feet from the
point of collision.  He could have stopped his car in
five feet.  He could have also at that time continued
his course north allowing the south-bound street-car
to pass, and then gone westward on Main Street, or
he could have continued north on Third Street with-
out going out of his way, for his destination was on
Alder Street which is several blocks north of Main.
Instead of taking some course to avoid the colli-
sion he drove diagonally from the middle of Main
Street toward the oncoming street-car.  He did not
realize his danger in time to have avoided the
collision if he could have stopped his car in six
inches.  He placed himself in that perilous posi-
tion, and therefore cannot recover for his injuries.
*Ramp* v. *Osborne,* 115 Or. 672, 690 (239 Pac. 112);
*Olds* v. *Hines,* 95 Or. 580, 585 (187 Pac. 586, 188 Pac.
716); *Gregoire* v. *Portland Ry., L. & P. Co.,* 72 Or.
395 (143 Pac. 1103); *Macchi* v. *Portland Ry., L. & P.
Co.,* 76 Or. 215, 225, 226 (148 Pac. 72), and cases
therein cited; *Devitt* v. *Puget Sound T. L. & P. Co.,*
106 Wash. 449 (180 Pac. 483, 185 Pac. 583); *Zeis* v.
*United Rys. Co.* (Mo.), 217 S. W. 324; *Yetter* v. *Cedar
Rapids & M. C. Ry. Co.,* 182 Iowa, 1241 (166 N. W.
592); *Mohren* v. *New Orleans Ry. & L. Co.,* 147 La.
345 (84 South. 897).

The judgment is reversed and the case remanded
with directions to dismiss.

        REVERSED AND REMANDED WITH DIRECTIONS.

BURNETT, BROWN and BEAN, JJ., concur.