No. 3169

Second Circuit

CONCORDIA BAKING COMPANY v. LOUISIANA & ARKANSAS RY. CO.

(December 21, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Railroads—Par. 62.**

The employees of a railroad are not negligent where the whistle was sounded, the bell rung, and a brakeman was stationed on the train waving a lighted lantern as the train approached the crossing, there being sufficient light for anyone to see the train.

2. **Louisiana Digest—Railroads—Par. 60.**

A railroad is not negligent because no flagman was at the crossing which was little used, where it is shown that the train approached at slow speed.

3. **Louisiana Digest—Railroads—Par. 63, 64.**

Where one approached a crossing, stopped in a perfunctory manner without looking or listening sufficiently, and attempted to cross in front of a train, he is negligent.

Appeal from the Seventh Judicial District Court of Louisiana, Parish of Concordia. Hon. R. M. Taliaferro, Judge.

Action by Concordia Baking Company against Louisiana & Arkansas Railway Co.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Hugh Tullis, of Vidalia, attorney for plaintiff, appellant.

White, Holloman & White, A. L. Buford, of Alexandria, attorneys for defendant, appellee.

WEBB, J. The plaintiff appeals from a judgment rejecting its demands for damages to a motor truck owned by plaintiff, resulting from a collision between the truck and one of defendant's trains which occurred after dark at a point where the railroad track crosses one of the streets in the town of Vidalia.

The plaintiff alleged that the train was being backed over the crossing which was unguarded and poorly lighted, and that there was not any light on the train, nor a lookout maintained, and that the train approached and entered upon the crossing without any warning signals.

The defendant denied the allegations and alleged that the driver of the truck had attempted to dash over the crossing in front of the approaching train, and that the accident was due entirely to the fault of the driver of the truck.

The evidence establishes that the usual warning signals, such as sounding the whistle and ringing the bell, as the train approached the crossing, were given, and that a lookout was maintained by the engineer and fireman, and by a brakeman who was stationed at the end of the train, as it approached the crossing, who was waving a lighted lantern as the train came to the crossing, and that the crossing and way over which the train approached it was sufficiently lighted for the train to have been seen by anyone who approached the crossing from the street, and unless the defendant was bound to have maintained a flagman at the crossing, which the plaintiff claims it was obliged to do, there was not any negligence established on the part of the defendant.

The crossing was in the corporate limits, but it was not shown that any ordinance required a flagman to be stationed at the crossing, and it is not shown that the traf-

fic was so continuous or that the environment was such as to indicate the necessity of a flagman at that point, where the train was operated at such slow speed as was shown to have been the case in the present instance; and we do not think the defendant could be held guilty of negligence in not having a flagman stationed at the crossing while its train was approaching and about to pass thereon.

We are of the opinion, therefore, that the evidence failed to establish any negligence on the part of the defendant.

However, if it be conceded that the defendant was negligent, we think that the evidence establishes that the plaintiff was guilty of contributory negligence.

While the testimony is contradictory, and as between the witnesses for plaintiff and defendant, somewhat in conflict, as to whether the driver of the truck stopped at any point with the purpose of noting the situation before driving upon the track, the evidence establishes that the location of the crossing was such that the driver of the truck had ample opportunity to stop where he could have seen and heard the approaching train before driving upon the track; and conceding he did stop with the purpose of noting the situation before going upon the track, he must have acted in an exceedingly perfunctory manner, as otherwise he would have seen and heard the train, and such action, we do not think, could be considered as a compliance with the rule that the plaintiff should have stopped, looked and listened before driving upon the track.

"It is the duty of a person approaching a railroad track to stop before crossing, and after stopping to look and listen, not in a perfunctory manner but in an effective way, in order to accomplish the end intended by the rule."

Jefferson Planting Co. vs. M. L. & T. R. R. & S. S. Co., Orleans App. No. 7520.

Also Young vs. Louisiana Western Ry. Co., 153 La. 129, 95 So. 511.

The judgment appealed from is affirmed.