(84 South. 897)

No. 22555.

## MOHREN v. NEW ORLEANS RY. & LIGHT CO.

(April 5, 1920. Rehearing Denied May 31, 1920.)

*(Syllabus by Editorial Staff.)*

**Street railroads** &⧳99(7)—**Driver attempting to cross held negligent.**

Where the driver of a wagon either did not look up the street before crossing the car track, or, seeing a car coming swiftly, miscalculated the distance, or the time which it would take him to cross in safety, he was guilty of negligence proximately causing the collision and injury to him.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Louis Mohren against the New Orleans Railway & Light Company. From judgment of dismissal, plaintiff appeals. Affirmed.

George B. Smart, of New Orleans, for appellant.

Dart, Kernan & Dart, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff appeals from a judgment dismissing his demand for damages for personal injuries said to have been inflicted upon him through the gross carelessness and fault of defendant company, by one of its electric cars colliding with the wagon which he was driving, on June 28, 1916, about 3 p. m., at the corner of Phillip and Chippewa streets in the city of New Orleans.

Plaintiff testified:

That on the occasion referred to he was driving a wagon loaded with empty beer barrels in Phillip street towards the river, and, on reaching Chippewa street, he looked up the street, after he had crossed the footbridge at that intersection, and "there was a car about 80 to 100 feet above the street, and I thought I would get across, but the car came at such speed that it struck me. And it [the motorneer] got its face turned towards the inside of the car, till I hollered to him, when I seen it would strike me, and he caught hold of the controller then. He didn't have his hand on the controller at all."

Again he said:

"I was going at a slow gait; neither a trot nor a walk."

Being asked:

"Why didn't you stop then, if it [the electric car] was coming at a swift gait?"

—he answered:

"I didn't think it would come at such a gait that he couldn't take care of the controller. Q. You looked to him to stop, and didn't think it incumbent on you to do anything? A. No; I was halfways across the track. Q. When you saw him? A. No; when he hit me. * * * When I looked up the street, as soon as I got to the crossing, I, well, I thought I had plenty chance to get across. * * * Q. Notwithstanding you saw the car coming fast, at a distance of about 80 to 100 feet away, you went right across, because you thought you had time to get across? A. Yes, sir."

It was doubtless on this evidence alone that the trial judge came to the conclusion that plaintiff undertook to cross the car track when he saw there was danger of collision, and that he miscalculated the distance of the car from the corner, or the speed of his animals, and took the chances of getting across in safety. In this he surely was at fault.

Plaintiff was corroborated by the testimony of his helper, who was on the driver's seat with him at the time of the accident. He said:

"The team was a double one, having two mules. The team had reached the track, and the mules were already over said track, and the front wheels of the wagon were on the track, when we first saw the car, which was then 100 to 125 feet away, coming on the loop. When the driver saw the car coming, having heard no bell ring, he tried to have his team clear the track, but could not do so in time to avoid the accident."

Whether plaintiff looked up Chippewa street at the foot crossing, or when he got upon the track, it is quite evident that he was at fault in attempting to cross the track under such conditions. He either did not look up the street at the foot crossing, or, seeing the car coming at a swift rate, he miscalculated the distance, or the time in which it would take him to cross the track in safety. In thus acting, he neglected to do his duty; and, although the motorneer may also have been at fault, the injury must remain where it has fallen, as the fault of plaintiff was the proximate cause of the injury to him.

The judgment appealed from is affirmed.