for alimony in the sum of $15 per month for the plaintiff and $10 per month for the minor child, Lottie B. A. Camp.

Defendant appealed, and plaintiff has answered the appeal, and asks that defendant be condemned in damages for having taken a frivolous appeal.

[1] The only matter contested in the case was the claim for alimony by plaintiff for herself and her minor child. The pleas of res judicata and estoppel which were filed by the defendant to the claim for alimony were not passed upon by the court, but they were without merit. The judgment in the separation suit, awarding plaintiff alimony for 12 months, was not res judicata in this case for a divorce and for alimony.

[2] As to the custody of the little child, aged about five years, we think that the district judge ruled properly in awarding it to the care and keeping of the mother, although she is very poor, and is largely dependent upon her father for support. But, the father of the child appears to be amply able to support it; and to pay the alimony awarded in the judgment for that purpose.

The judgment appealed from is affirmed.

---

(85 South. 217)

Nos. 22532, 22570.

### MORROW v. KANSAS CITY SOUTHERN RY. CO. et al.

### HICKMAN v. SAME.

(May 3, 1920.)

*(Syllabus by the Court.)*

Railroads ⊂⊃335(1)—Contributory negligence held to bar recovery.

Where the negligence of persons who attempt to cross a railroad track in front of an approaching train is concurrent with that of the train crew up to and inclusive of the moment when an accident is unavoidable, there can be no recovery of damages.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Jerry Cline, Judge.

Suit by Nettie Morrow, individually, etc., against the Kansas City Southern Railway Company and others, together with a suit by Ephraim Hickman, individually, etc., against the same defendants. From judgments for defendants, plaintiffs appeal. Affirmed.

Stewart & Powell, of De Ridder, for appellants.

Pujo, Liskow & Martin, of Lake Charles, for appellees.

MONROE, C. J. These suits were brought for the recovery of damages sustained by reason of the killing, by defendant's railway train, of George W. Morrow and Mrs. Apollonia Hickman, at the village of Oretta, on the morning of December 11, 1915. As the persons named had attempted to cross the track and were killed by the same train and at the same moment, the law and the evidence are equally applicable in the one case as in the other, and by consent the cases were consolidated.

It appears that Mr. Morrow, his wife, and his mother-in-law, Mrs. Hickman, contemplated visiting Lake Charles, which lies to the southward of Oretta, and to that end, taking a train which was due to pass Oretta, where they lived, at some time before daylight in the morning, they accordingly arose early, and were ready and waiting in Mr. Morrow's house, when the train appeared in sight, the house being on the east side of the track, nearly opposite, and 108 feet distant from, the railway station house, which is on the west side of the track. When the lights of the train were seen, the party started from the house with the intention of crossing the track to the platform, appurtenant to the station house, and Clyde Coward, a lad, then in his fourteenth year, was given a lantern with which to signal the

train, since that particular train stopped at Oretta only when signaled or when it carried passengers to discharge. Clyde approached the platform by a little path which led straight across the right of way and track, and he was followed by Mrs. Morrow, but Mr. Morrow and Mrs. Hickman chose a more roundabout way, in order, probably, to avail themselves, or Mrs. Hickman, of a regular and smoother crossing, so that Clyde had reached the track and had stood there, swinging his lantern, and Mrs. Morrow had crossed the track and reached the platform in safety, while Mr. Morrow and Mrs. Hickman were still on their way; and when they reached and were crossing the track, Mrs. Hickman fell, and Mr. Morrow, who was, perhaps, a step or so ahead, turned back, and had just assisted her to her feet, when they were struck by the train and killed instantly. The train, consisting of a locomotive and six cars, ran on some distance beyond its usual stopping place, the forward end of one of the sleepers being about opposite the southern end of the platform, where the head of the train usually stopped. The testimony as to the character of the night is conflicting, that of plaintiff's witnesses being to the effect that they observed no particular fog, and defendant's witnesses testifying that the fog was uncommonly dense. The engineer testifies that he did not see Mr. Morrow or Mrs. Hickman until after they had been killed and were lying upon the platform. He says that he did not see the boy swinging the lantern until he was within five car lengths, or say, 300 feet of him, and in fact that he then saw only the light, and not the person who was swinging it, on account of the fog. The fireman testifies that he saw Mr. Morrow and Mrs. Hickman when they were within 40 feet of the track. The learned trial judge concluded that the engineer "had relaxed his vigilance at the time the stopping signal was first given, and, if looking forward, was peering through a glass whose moisture rendered his vision difficult and uncertain." "But" (he continues) "the plaintiffs cannot recover if the deceased contributed to the accident by their own negligence." He then carefully analyzes the testimony concerning the speed of the train, its distance from the decedents when they stepped on the track, and the possibility of stopping the train in time to avoid the accident, and reaches the conclusion that it was negligent in Mr. Morrow, even as a vigorous man, to have attempted the crossing as he did, and, a fortiori, negligent for him to have made the attempt while escorting a lady; that, if there was negligence on the part of the train crew, there was concurrent negligence on the part of the decedents; that the theory that the negligence of the defendant was continuing, while that of the decedents ended when they stepped upon the track, cannot be adopted; and that plaintiffs are not entitled to recover.

We do not find, after a deliberate consideration of the evidence, that any other conclusions are authorized.

The judgments appealed from are therefore affirmed.