(95 South. 511)

No. 23728.

## YOUNG v. LOUISIANA WESTERN R. CO.

(Jan. 27, 1923. Rehearing Denied Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Railroads** ⊂⊃327(1)—**Automobile driver held guilty of gross negligence in failing to stop, look, and listen.**

Where automobile driver had unobstructed view of railroad track for a distance of 35 feet, his failure to stop, look, and listen before attempting to cross was gross negligence.

2. **Railroads** ⊂⊃327(8)—**Traveler must stop, look, and listen where acts will be effective.**

The duty to stop, look, and listen before crossing a railroad must be performed at a time and place where stopping, looking, and listening will be effective.

3. **Railroads** ⊂⊃335(1)—**Contributory negligence defeats recovery though trainmen concurrently negligent.**

The contributory negligence of an automobile driver in attempting to cross railroad without stopping, looking, and listening bars

recovery, even though trainmen were guilty of concurrent negligence.

4. **Railroads** ⊂⊃338—**Last chance doctrine without application when negligence is concurrent and continuous.**

The last chance doctrine had no application to a railroad crossing accident where the negligence of both parties was concurrent and continuous, down to the moment of the accident.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Action by Dr. Lawrence R. Young against the Louisiana Western Railroad Company. From a judgment for plaintiff, defendant appeals. Judgment annulled, avoided, and reversed, and plaintiff's demand rejected.

Philip S. Pugh, of Crowley, and Denegre, Leovy & Chaffe, of New Orleans, for appellant.

Medlenka & Bruner, of Crowley, and John J. Robira, of Jennings, for appellee.

LAND, J. This is a suit for damages for personal injuries to plaintiff and for the wrecking of his automobile, resulting from a collision with a west-bound passenger train of defendant company at a railroad crossing on Arenas street in the town of Rayne, in which plaintiff, a practicing physician, had resided for many years. The accident occurred in the afternoon of August 31, 1918, at about the usual hour for the arrival of passenger train No. 5 from the east. Plaintiff resides south of this railroad crossing, and at the time of the casualty was driving his automobile north across the tracks of defendant company on his way to his office.

Plaintiff charges the defendant company and its employees with gross negligence and carelessness in operating said train at an excessive rate of speed within the corporate limits of the town of Rayne and in violation of the speed ordinance of said town, in not giving any alarm by ringing the bell or blow-

ing the whistle while approaching the crossing, and in permitting empty box cars to remain on the house track, and thereby to obstruct the view of the approaching trains.

Defendant company in its answer denies the acts of negligence charged, and represents that the whistle was duly blown and the bell rung, that the train was running at a moderate rate of speed, and that everything was done that was possible by those in charge of the train to prevent the accident.

Defendant company charges plaintiff in its answer with gross carelessness, recklessness, and imprudence in operating his automobile; alleges that he failed to stop, look, and listen, when approaching the railroad crossing, and that he negligently drove on the track at an excessive rate of speed in front of the approaching train. That the whistle was blown and the bell was rung are facts well established by the train crew and other witnesses of defendant company, who also testify that the train was running at a slow rate of speed with the steam shut off at the time of the accident. Defendant company's witnesses are corroborated as to the speed of the train by the fact that this train had been held on the passing track about 1,500 feet east of the point of collision, in order to allow the eastbound passenger train to pass on the main track, and, at the time of the accident, the train had backed from the passing track onto the main track, and had gone only a distance of 1,500 feet west before striking plaintiff and his automobile. In addition to this, the depot at which this train had to stop was only several blocks west of the place of the accident. There was neither time, distance, nor necessity for a high rate of speed.

That plaintiff did not stop his automobile at all before attempting to cross the tracks of defendant company; that while crossing he looked to the west at a freight train on the passing track, but did not look to the east, until the engine of the west-bound passenger train was almost upon him—are facts which are established by the testimony of plaintiff himself and of his own witnesses.

There are three tracks at this public crossing. They consist of the house track, passing track, and main track, and they are reached in the order named in crossing from the south to the north.

The house track runs in front of several warehouses which are located adjacent to this track and to the right and to the left of the street approaching the crossing.

[1] On this house track and in front of the warehouse on the right-hand side of this street, a box car had been spotted. Allowing for the obstruction of the view of approaching trains by this box car, there was a distance of about 36 feet to the center of the main track on which the collision occurred.

These three tracks are straight, and run due east and west. The view is unobstructed, after passing the box car in question. There was therefore ample opportunity for plaintiff to stop, look, and listen before attempting this dangerous crossing.

Failure to stop, look and listen before attempting to cross a railroad crossing in an automobile is grossly negligent. Broussard v. La. Western R. Co., 140 La. 517, 73 South. 606.

"The rule that 'one who reaches a railway crossing on a public highway is under the duty to stop, look and listen' has been recognized and enforced by this court in numerous cases. * * * In some courts this rule has been modified as to the duty 'to stop,' but it has been properly held, we think, that the law exacts from the driver of an automobile a strict performance of the duty to stop, look, and listen before driving upon a railroad crossing, where the view is obstructed." Callery v. Morgan's La. & Tex. R. & S. S. Co., 139 La. 770, 72 South. 222.

See New York Cent. & H. R. R. Co. et al. v. Maidment, 168 Fed. 21, 93 C. C. A. 413, 21 L. R. A. (N. S.) 794. See, also, Brommer v. Penn. Ry. Co., 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924.

[2] The duty to stop, look, and listen must

be performed at a time and place where stopping, looking and listening will be effective. 168 Fed. 21, 93 C. C. A. 413, 21 L. R. A. (N. S.) 794, cited above.

The testimony of the witnesses for both plaintiff and the defendant company shows that plaintiff drove his automobile upon the track in front of the approaching train, and so near to it that it was not possible for the trainmen to avoid the accident.

[3] Conceding, for the sake of argument, that defendant trainmen were guilty of concurrent negligence in the premises, still the contributory negligence of plaintiff debars recovery. Callery v. Morgan's La. & T. R. & S. S. Co., 139 La. 770, 72 South. 222; Loftin v. R. R. Co., 135 La. 33, 64 South. 972.

[4] The last chance doctrine has no application when the negligence of both parties was concurrent and continuous, down to the moment of the accident. Callery v. Morgan's La. & T. R. & S. S. Co., 139 La. 770, 72 South. 222; Wolf v. N. O. Ry. & Light Co., 133 La. 891, 63 South. 392; Castile v. O'Keefe, 138 La. 479, 70 South. 481.

This case was tried by the lower court without a jury. The judgment for damages rendered in favor of plaintiff is, in our opinion, erroneous, and should be set aside.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiff's demand be rejected at his costs.