LECHE, J.
Plaintiff was injured in a collision between a street car of defendant company and a two-mule wagon which he was driving across defendant’s car tracks at the intersection . of Broadway and Jeannette streets in the city of New Orleans, on January 30, 1917. He sued for damages, was awarded $500 by the trial court, and from that judgment defendant has appealed.
*454 The facts are that plaintiff was driving up town on Jeannette street an ordinary farm wagon drawn by two mules and loaded with barrels. He says that he was seated on what he calls the dash board, but we understand from his explanation of his position, that he was sitting below the driver’s seat in front of and on a level with the bottom of the body of the wagon, so that this accounts for his fall to the pavement when the collision occurred. The street car was running on the downtown track on Broadway in the direction of the lake and away from the river, and plaintiff, assuming that he could cross the car track before the street car reached the intersection of the two streets, kept straight on his way up town until his mules crossed the first rail, when he realized that a collision was inevitable. He jerked his mules to the right, heading them towards the lake, but it was too late. The street car struck a glancing blow on the wagon and also struck the left-hand mule. As a result, plaintiff was thrown to the pavement and by that fall suffered the injuries,for which he seeks redress in this suit.
Broadway is a wide street, with a neutral ground in its center, and upon this neutral ground there are two car tracks. From the photographs in the record, it appears that one driving up Jeannette street has, when 25 feet from Broadway, a clear view of the latter street, towards the river, by which the can see a street car almost two blocks before it reaches the Jeannette street crossing. Plaintiff admits that he saw the street car when it was three-quarters of a block away from the crossing, but he nevertheless kept right on without stopping. He says the street car was coming at full speed, but that did not relieve him of the duty of being careful and prudent.
 Our opinion is that, conceding the negligence of defendant’s motorman, the plaintiff himself was guilty of contributory negligence. Nor do we belive that there is ground to apply here the last clear chance doctrine. The motorman-had no reason to believe that plaintiff would venture upon the track until it was too late to stop the street car.
The judgment appealed from' is therefore set aside and reversed, and plaintiff’s suit dismissed at his costs.