## TARANTO v. ORLEANS KENNER TRACTION CO., INC.

---

(July 7, 1928. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. Louisiana Digest—Automobiles—Par. 5, 7; Street and Interurban Railroads—Par. 24, 28, 29.

One who drives his automobile in front of an approaching interurban street car, which could have been seen, if the chauffeur had stopped, looked and listened, is guilty of negligence and cannot recover damages resulting from the collision when the motorman did all he could to avert the impact as soon as he saw that the auto was going to cross.

Appeal from the 24th Judicial District Court, Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by Jos. Taranto against Orleans Kenner Traction Co., Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

F. A. Middleton, of New Orleans, attorney for plaintiff, appellant.

C. A. Buchler, of New Orleans, attorney for defendant, appellee.

JONES, J.  Here plaintiff claims four thousand ($4,000.00) dollars for damages to his automobile and personal injuries to himself, alleged to have been caused by the negligence of defendant's motorman in running a street car of defendant into the rear of his Nash machine at an illegal speed, around a curve and on a crossing, just in front of the Jefferson Race Track entrance.

Defendant, after filing an exception of no cause of action, which was overruled, answered, denying all negligence on its part and in the alternative pleading contributory negligence.

The trial judge, after a careful analysis of the evidence, found that plaintiff had driven without stopping, looking and listening upon the track of defendant in broad daylight, so close to the approaching car, that the motorman, though he applied the emergency brakes and did all in his power to stop, could not avert the impact.  He has supported his decision by citing many decisions of the Supreme Court of this State and of the U. S. Supreme Court.

The evidence shows that the accident happened about 4 p. m. on May 9, 1925, just in front of the Jefferson Race Track entrance, when plaintiff, who had been driving his Nash touring car alone in the Jefferson Highway on the right hand side of the street car track toward Kenner, was crossing over the track toward the river. The street car was coming in the opposite direction and the crossing at that point was not used much then, as the racing season had closed and the road on the river side of the track, which was in fair condition, leads only to Cleary's farm nearby.

Plaintiff, who admitted that he could not see at all out of his right eye, swears that he stopped, looked and listened before crossing the track in first speed, but could not see the approaching car on account of a curve on the track just above that point and also on account of high weeds on the right of way, which obscured his vision; that he heard nothing until the car was almost at the crossing; that he then tried vainly to speed up, but became nervous and was struck, just as his rear wheels were in the middle of the track.  His statement as to his stopping, looking and listening is entirely uncorroborated.  Even his two main witnesses, Washington and Gordon, do not confirm him in this statement and while they do not positively state the opposite, we agree with the trial judge in concluding that the gist of their entire testimony certainly leans to the negative view and rather tends to confirm the motorman, who swears that Taranto did not stop, look and listen, but drove upon the track suddenly, when the street car was sixty feet away.

Photographs in the record of the locality negative the assertion of plaintiff as to the proximity of the curve in the track to the crossing and the presence of obstructing weeds.  These photographs are confirmed by the testimony of the Superintendent of defendant company.

Although plaintiff's witnesses testify they heard no whistle, both motorman and conductor and two passengers say the whistle was blown and motorman applied emergency brakes suddenly.  There is no proof of excessive speed.

We think the conclusion of the trial judge correct and it is, therefore, affirmed.

See the following authorities on the point that it is the duty of the automobile chauffeur to stop, look and listen before crossing a railroad track:

Canedo vs. N. O. Carrollton Railroad, 52 La. Ann. 2149, 28 So. 287.

Heebe vs. N. O. Railroad Company, 111 La. 970.

Durbose vs. N. O. Railway & Light Company, 123 La. 1029, 49 So. 696.

McShane vs. N. O. Railway & Light Company, 137 La. 830, 69 So. 268.

Tucker vs. I. C. R. R. Co., 141 La. 1101, 76 So. 212.

Sammonds vs. N. O. Railway & Light Company, 143 La. 731, 79 So. 320.

Leopold vs. T. & P. Railway Company, 144 La. 1000, 81 So. 602.

Nolan vs. I. C. Railway Company, 145 La. 483, 82 So. 590.

Improvement Company vs. Stead, 95 U. S. 161.

Railroad Company vs. Houston, 95 U. S. 697.

Gibbons vs. Terminal Company, 1 La. App. 371.

Gelbke vs. R. R. Co., No. 7405, Court of Appeal (Orleans).

Maxwell vs. R. R. Co., No. 8595, Court of Appeal (Orleans).

Heideman vs. N. O. Public Service Co., 1 La. App. 275.

Carlino vs. N. O. Public Service Co., No. 10,558 Court of Appeal (Orleans).