BENEDICT v. NEW ORLEANS PUBLIC SERVICE INC.

(October 29, 1928. Opinion and Decree.)
(November 13, 1928. Rehearing Refused.)
(January 3, 1929. Writ Refused by Decree of Supreme Court.)

Geo. Sladovich, of New Orleans, attorney for plaintiff and appellant.

Benj. W. Kernan, of New Orleans, attorney for defendant and appellee.

WESTERFIELD, J. Plaintiff sues the local street railway company claiming $1,725.00 as damages for personal injuries, alleged to have been sustained while a passenger in one of defendant's cars as a result of a collision between the car and an automobile, at the intersection of Louisiana Avenue and Saratoga Street.

It is alleged that the accident was due to the "reckless" speed of the street car, and, to the fact, that the car was not under control as it approached the crossing at the intersection of Louisiana Avenue and Saratoga Street.

The case was tried by a jury in Division "A" of the Civil District Court and a verdict returned for defendant.

Plaintiff's alleged injuries are said to consist of a compound fracture of the ribs of his right side, which, it is alleged, was caused by his being thrown violently against the back of the seat in front of him, due to the sudden and violent stopping of the street car.

The record establishes, that the accident was due to the attempt of a woman, whose name is not given, who was driving an automobile across Louisiana Avenue, to "beat" the car across the intersection. She failed because the engine stopped suddenly or "stalled", when the rear end of the automobile was crossing the street car tracks. It is difficult to understand, how plaintiff could have been as seriously injured as he claimed, because, according to the evidence, the automobile was only slightly damaged, nothing more than a bent fender, which could not have caused a very violent jolt. After the accident the motorman and conductor inquired of all

the passengers whether anyone had been hurt and according to their testimony, no one claimed to have received any injuries. A policeman, by the name of Berry, in addition to the motorman and conductor, testified that the impact was very slight and the injury to the automobile negligible.

Assuming, however, that plaintiff was injured in the manner claimed, there is absolutely no proof of negligence on the part of the street railway company, and the accident is shown to have been caused by the negligence of the driver of the automobile. Counsel seems to be under the impression that street cars are obliged, by reason of some rule which he does not mention, or some ordinance which he does not cite, to stop at every intersection before crossing, and proceeding on its way. We are aware of no such obligation resting upon street railways, we know of no law and we would not deem it expedient. If street cars were compelled to stop at all intersecting streets, or even to slow down to such an extent as to permit of prompt stopping, it would be but little more convenient and not much faster for passengers than walking.

The evidence in this case shows that the street car was running at the rate of fifteen miles per hour, and, that proper steps were taken to check its speed when the motorman observed that the automobile was stalled. It seems to us, that all proper precautions to avoid contact with the automobile were taken, and that the emergency was created entirely by the fault of the crossing automobile. Whatever jolt there was, whether slight or severe, was unavoidable. See Basey vs. Louisiana Railway and Navigation Co., 137 La. 452, 68 So. 824, L. R. A. 1915E, 964.

For the reasons assigned the judgment appealed from is affirmed.