MELUN v. N. O. PUBLIC SERVICE, INC.

(July 1, 1929. Opinion and Decree.)

Benj. T. Waldo and Fred C. Marx, of New Orleans, attorneys for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit for damages alleged to have been suffered by plaintiff by reason of a collision between the automobile which he was driving and a street car operated by the defendant street railway company. The accident occurred June 22, 1924, about 4:30 p. m., at

a point on Lake avenue where the tracks of the defendant railway company cross. The street car tracks, at the scene of the accident, parallel a wide and much-traveled roadway known as Metairie road. Lake avenue is a small country road which leads from Metairie road to Lake Pontchartrain at approximately a right angle. Plaintiff, at the time of the accident, was driving his Ford sedan along Metairie road, and upon reaching Lake avenue, turned into that thoroughfare with the intention of driving toward Lake Pontchartrain. As he reached the tracks of the defendant, which are but a few feet from Metairie road, he was struck by the street car, which had been traveling in the same direction as plaintiff, before he turned into Lake avenue.

The negligence charged to the defendant consists in the allegation that there was no bell ringing as the electric street car approached Lake avenue, and also because "said electric car was being driven at a reckless high rate of speed down an incline of approximately one and one-half feet in every one hundred feet and between an alley, or hedge, of weeds which the defendant had allowed to grow on, or near its tracks and upon its right of way and which obscured any view of said tracks." Defendant denied the charges of negligence in the petition, and pleaded contributory negligence. The case was tried by a jury, and resulted in a verdict for defendant, upon which a judgment to that effect was rendered.

The plaintiff testified that, after turning into Lake avenue, and as he reached a point about eight feet from defendant's tracks, he stopped his automobile, and, not seeing, or hearing, the approaching electric car, started up again, and was struck on the right running board by the street car, with the result that he sustained the injuries set out in his petition. He explains his failure to see the street car by saying that the track was bordered by weeds, which had grown to a height of five feet, and that these weeds obscured his view of the car, which was making less than the usual amount of noise, due to the fact that it was coasting down the incline, and therefore he did not hear it. There is considerable testimony concerning the presence of the weeds along the right of way of defendant's car track, and we are of opinion that plaintiff has established the fact that there were weeds there, but we are unable to follow him in his contention that the weeds were high enough to have altogether prevented his seeing the street car, which he must have traveled abreast of for some distance before he reached Lake avenue. The street car was eleven feet high, and the weeds are claimed to have been only five feet. We cannot understand how plaintiff could have failed to see or hear the street car if he stopped within eight feet of its track, as he claimed he did. It seems to us that, making all due allowance for coasting, the movement of the wheels on the rails must have made sufficient noise to have attracted his attention, particularly as he knew that street cars habitually used that track; in fact, he stopped for the purpose of ascertaining their presence in the vicinity.

Notwithstanding the weeds, he should have seen the top of the car, at least, if he looked in that direction, and, of course, he should have looked in both directions. But we find in the record the testimony of a Mrs. Austin and that of her husband, Henry Austin, who were passengers in the street car, and who, in addition to the motorman and conductor, assert that the motorman was ringing his bell continu-

ously as he approached Lake avenue. Mrs. Austin saw the plaintiff driving along Metairie road, and saw him turn into Lake avenue, and, as he did so, she exclaimed to her husband: "Look, that man is going to run into the street car."

Our conclusion is that the unfortunate accident was due to the carelessness of plaintiff. We find no fault with the operation of the street car, and, whatever may be said of the effect of the weeds adjacent to the car tracks, even if it be considered negligence as in some degree obscuring the presence of street cars in that vicinity, and of this street car in particular, the negligence of plaintiff was the proximate cause of the accident, and contributed thereto, and he cannot recover.

For the reasons assigned, the judgment appealed from is affirmed.