GAISSER v. N. O. PUBLIC SERVICE, INC.

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)
(February 5, 1930. Writ of Certiorari and Review Denied by Supreme Court.)

Ivy G. Kittredge, of New Orleans, attorney for plaintiff, appellee.

W. J. & N. W. Waguespack, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. This suit grows out of the accident which we have discussed in the opinion rendered by us this day in the matter of A. Geismar vs. Charles Gaisser and Mrs. Charles Gaisser et al., 124 So. 691.

In the Geismar case judgment was rendered by the trial court dismissing the suit of Geismar as against Mr. and Mrs. Gaisser, and no appeal was taken from that judgment, so that we are not concerned with the question of the negligence, vel non, of Mrs. Gaisser, who was driving the car, and we held that, as the street car had been running at too rapid a rate of speed considering the locality in which it was, the defendant, New Orleans Public Service Inc., should be held liable. Here, however, the situation is different, and liability is sought to be avoided on the ground of the contributory negligence of the plaintiff, Mrs. Gaisser. It is manifest that Mrs. Gaisser could have seen the street car approaching from her rear, had she given any thought to her own safety. All of the other witnesses who were in position to do so saw the headlight of the street car and it was plainly negligence on her part to emerge from her position of safety alongside the curb and to drive directly into the path of the approaching street car. Her statement that she saw the car some two or three blocks away, even if true, will not benefit her position, because it shows that she knew of the presence of the street car, which knowledge would place on her the duty of again looking before she drove onto the tracks.

Mrs. Gaisser's testimony as to whether she drove on the tracks immediately in front of the street car, or whether she had been on the track and had traversed several feet before she was struck, is very confusing; but her evidence, taken in connection with that of Leithman and of the motorman, convinces us that she drove onto the tracks only a few feet in front of the car. Such being the case, she was guilty of contributory negligence, and although the car seems to have been operated at an excessive rate of speed, this contributory negligence prevents her recovery.

We realize that, in coming to this conclusion, we necessarily must reverse the finding of two judges of the district court, since this case was tried by one judge and the Geismar case to which we refer was tried by another, and they both held that Mrs. Gaisser was not at fault. We realize that an appellate court should not reverse a trial court on a question of

fact unless the finding is manifestly erroneous, but a careful reading of the entire record in both cases leaves us thoroughly convinced of the correctness of our finding, and thus renders it necessary that we reverse the judgment of the court below.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's suit at her cost.