GEISMAR v. GAISSER ET AL.

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

M. R. Simoneaux, of New Orleans, attorney for plaintiff, appellee.

Ivy G. Kittredge, of New Orleans, attorney for defendants, appellants.

JANVIER, J. Plaintiff seeks to recover for damages caused to his automobile while it was parked alongside the curb in front of his residence at 4721 Prytania Street.

It was struck by a Ford car owned and driven by Mrs. Gaisser, one of the defendants, which Ford car had in turn been struck by a street car of New Orleans Public Service, Inc., and pushed by the street car into the Geismar automobile. All three vehicles were headed in an uptown direction.

The Gaisser car had, a few moments before the accident, been parked alongside the curb about forty or fifty feet in the rear of the Geismar car. Mrs. Gaisser entered her car and started it forward. As the space between the street car track and the curb was only about ten feet, it be-

came necessary for her to turn to her left in order to pass around the Geismar car. In doing this she drove in front of the approaching street car, which was coming so fast that it could not be stopped in time to avoid striking her car. The momentum of the street car carried the Ford along until it had traversed the few feet intervening between it and the Buick car of Geismar and then crushed it into the Buick with such force as to cause the latter to roll forward with the other two vehicles for an additional distance of about thirty or forty feet.

It is apparent that Geismar should recover from one of the defendants, as he was entirely without fault, and as his car was parked where he had a perfect right to leave it.

The trial court dismissed the suit as against Mr. and Mrs. Gaisser, and, as no appeal was taken by plaintiff from that part of the judgment, we are not now concerned with the question of whether Mrs. Gaisser was negligent.

If the New Orleans Public Service, Inc., was at fault and that fault contributed proximately to the final unfortunate result, that corporation is liable and may be held for the whole loss. Shield vs. F. Johnson & Son Co., Ltd., et al., 132 La. 774, 61 So. 787, 47 L.R.A. (N. S.) 1080; Cunningham vs. Penn Bridge Co. et al., 131 La. 196, 59 So. 119.

While the speed at which the street car was going was such that, under ordinary circumstances, it could not be said to have been excessive, it appears to us that, in view of the fact that it was approaching a busy commercial center, it should have been under such control as would have permitted of its being stopped within a reasonable distance. Just a block away were located several automobile filling stations, a public market, a large bakery, several groceries and three or four other stores, as well as the large street car barn of defendant corporation. The night was misty and the tracks were wet from a shower of rain which had fallen only a short time before. In view of these circumstances we are of the opinion that the speed at which the car was traveling was excessive.

The two principal disinterested witnesses produced by defendant corporation testified as to the speed as follows:

Cambus: "Yes, he was going rather fast; in fact, I remarked in my own mind, I was reading a newspaper, on the manner in which the car kept jumping, and he was sounding his bell, and I thought he was going a little too fast."

Leithman: "It was going pretty fast."

Whatever may have been the fault of Mrs. Gaisser, certainly the speed of the car was a contributing factor to the accident. Such being the case, defendant, New Orleans Public Service, Inc., is liable.

Mr. Gaisser, the husband of the owner and operator of the Ford car, was made a party defendant, but the evidence showed conclusively that the automobile belonged to his wife, having been given to her by her mother and was being operated by her entirely in her own affairs, and for these reasons the suit as against Mr. Gaisser was dismissed.

The amount allowed by the trial court, $247.75, with legal interest from judicial demand, covers the actual damages sustained by the automobile, and we see no reason to change it.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.