McGREGOR, J., recused.

No. 3220

**Second Circuit**

———

GRAPPE v. TEX. & PAC. RY. CO.

———

(April 9, 1931.    Opinion and Decree.)

———

J. W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellee.

DREW, J. Plaintiff sued for damages alleged to have been caused him by a collision between an automobile he was driving and a train of. the defendant company. He alleges that while driving an automobile in the city of Natchitoches, La., and while crossing a switch track of defendant company, an engine belonging to said defendant company "backing, with a string of boxcars preceding said engine, ran into your petitioner's automobile with said boxcars," throwing said automobile several feet distant and almost completely wrecking said automobile and causing great shock to plaintiff, which has caused him to become very nervous. He alleges that there was no "stop" sign at the said crossing; that there was no flagman on said crossing; and that no signals of any kind were given of the approach of the train. He alleges damage to the automobile to the amount of $227.50, also $50 for being deprived of the use of the automobile for seven days, and $250 for his shock and resulting nervous condition, making a ·total of $527.50, for which he prays. He denies negligence on his own part, and alleges that the accident was caused solely by the carelessness and gross negligence of the defendant company.

Defendant admits that no stop sign was at this crossing and that no flagman was on the crossing at the time of the accident. It admits that the accident happened at the place set out in plaintiff's petition, and alleges that the damage to plaintiff was only slight, and pleads contributory negligence on the part of plaintiff as a bar to his right to recover.

There was judgment in the lower court rejecting plaintiff's demands, from which judgment he has appealed to this court. ·

Defendant's engine with five or six boxcars ahead of it was backing into a side track for the purpose of "spotting" a .car at a wholesale grocery house in the city of Natchitoches, La. The train was moving at a rate of from five to ten miles per hour. The brakeman was on top of the front boxcar, and on approaching the crossing where the accident occurred, the brakeman saw the plaintiff ·and whistled at him. The bell of the engine was not ringing, neither was the whistle blowing. There was no flagman stationed at the crossing and there was no stop sign. The defendant was clearly negligent. However, the plaintiff was likewise negligent. He was driving his car at a rate of from eight to ten miles per hour, his. curtains were up, and he testified that he did not look to the right or the left on approaching the track; that he did not stop or listen for ·a train; that he was looking at a lady who was crossing the track from the opposite direction; that if he had looked, he could have seen the train; and that he was familiar with the crossing, ·having used it often.

The street at this point is forty to fifty feet wide, and there was nothing to obstruct his view for at least 100' feet down the track. He did not look in the direction of the train, even after getting on the track, as is shown by his testimony. He testified that he did not know the train had struck his car until after it stopped, but thought the back end of the lady's car had run into him. We think his negligence is such as to bar recovery. Gibbons v. N. O. Terminal Co. et al., 1 La. App. 371; Morin v. I. C. Railroad Co., 1 La. App. 727; Young v. Western Ry. Co., 153 La. 129, 95 So. 511; Pylant v. C. R. I. & P. Ry. Co., 8 La. App. 350; Branch v. Mo. Pac. Railroad Co., 7 La. App. 257; Brown v. T. & P. Ry. Co., 42 La. Ann. 350,

7 So. 682, 21 Am. St. Rep. 374; Concordia Baking Co. v. L. & A. R. Co., 7 La. App. 301.

The last clear chance doctrine does not apply in this case. Callery v. Morgan's L. & T. R. & S. S. Co., 139 La. 763, 72 So. 222.

The judgment of the lower court rejecting plaintiff's demands is correct, and it is therefore ordered, adjudged, and decreed that it be affirmed, with all costs.