(78 South. 438)

No. 21228.

TYER v. GULF, C. & S. F. RY. CO.

(April 1, 1918.)

*(Syllabus by Editorial Staff.)*

1. NEGLIGENCE ⚖➙83—"LAST CLEAR CHANCE" —APPLICATION OF RULE.

In order to enforce the humanitarian doctrine of "the last clear chance," it must appear that plaintiff has clearly shown that defendant, after seeing the danger, could by the exercise of ordinary care have avoided the injury, or, if defendant did not see the danger, it must appear that plaintiff has clearly shown that defendant might by the exercise of ordinary care have seen the danger in time to avoid the injury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Last Clear Chance.]

2. NEGLIGENCE ⚖➙4—"ORDINARY CARE."

"Ordinary care" is not a constant, but a varying, condition, dependent upon the circumstances of each particular case and proportioned to the dangerous nature of the instrumentality employed and the probability of injury that may arise.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ordinary Care.]

3. RAILROADS ⚖➙381(3)—INJURY ON TRACK— RECOVERY—LAST CLEAR CHANCE.

Where a person recklessly places himself in a situation of great and imminent danger, as by lying down on a railway track in such a position, at such a time, and at such a place that the locomotive engineer, while exercising ordinary care, could not recognize and discern his presence in time to avoid running over him, his widow and heirs may not recover from the railroad company damages resulting from his death.

Appeal from Fifteenth Judicial District Court, Parish of Allen; Winston Overton, Judge.

Action by Mrs. Sarah B. Tyer against the Gulf, Colorado & Sante Fé Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

S. N. Young, of Oberlin, for appellant. Pujo & Williamson, of Lake Charles, for appellee.

LECHE, J. Plaintiff prays for damages in the sum of $25,000, alleged to have been suffered by herself and her minor children as a result of the death of her husband, which is charged to have been caused by the negligence of defendant.

The district court rendered judgment in favor of defendant, and plaintiff prosecutes this appeal.

Plaintiff's deceased husband, J. G. Tyer, a blacksmith employed by the Industrial Lumber Company, at Elizabeth, La., left Oakdale, in the parish of Allen, La., in the afternoon of June 14, 1911, presumably to go about eight miles to his work at Elizabeth. He undertook his journey on foot on defendant's railroad track, and when approximately halfway, about 7:50 o'clock in the evening, he was run over and killed by a freight train of defendant going in the direction of Oakdale. At the time of the accident, Tyer

was lying down flat on his stomach, lengthwise inside the track, near the left-hand rail, with his feet towards the incoming train. The condition of the atmosphere is described as smoky, semidarkness had spread over the wooded swamp through which the train was running, and a regulation headlight on the engine was illuminating the way. The locomotive and tender and three cars passed over him, and, after the train was stopped, his lifeless body was extricated from under the forward truck of the fourth car.

The evidence indicates that the deceased was under the influence of whisky, and this may account for the perilous position in which he had thus recklessly placed himself.

The engineer testified that he first saw a dark object on the track about 100 feet ahead, but only recognized it as a human body when within 60 or 70 feet from it; that his train, consisting of 20 cars, 18 of which were loaded, was running about 18 to 20 miles an hour, and could only be stopped in a distance of 250 to 300 feet. He further testified that the place of the accident was in the piney woods, where one would have no reason to suspect the presence of a human being, especially in that position; that the track was straight; and that the equipment of the train was in first-class condition. He says that there was some grass on the track, and that, although he was looking ahead, he could not under existing conditions have seen the deceased any sooner nor avoid running over and killing him.

[1, 2] Several experts on behalf of each party were sworn as witnesses, and their testimony on the whole supports that of the engineer and satisfies us that the engineer did exercise ordinary care.

[3] This case is very similar to that of Mrs. Sadie Rogers v. Louisiana Railway & Navigation Co., 78 South. 237,[1] lately decided

---

[1] Ante, p. 58.

by us; and we hold here, as we did in that case, that, plaintiff having failed to clearly show that the accident might have been avoided by the exercise of ordinary care on the part of the locomotive engineer, after the danger of the situation was, or should have been by him, discovered, she is not entitled to recover.

The judgment appealed from is affirmed.