## JACKSON v. COOK.

### No. 1756.

Court of Appeal of Louisiana.   First Circuit.

Nov. 6, 1937.

Fred G. Benton and D. J. Sanchez, both of Baton Rouge, for appellant.

Albritton & Hardin, of Baton Rouge, for appellee.

## DORE, Judge

The suit is for damages for personal injuries received by plaintiff on September 10, 1936, when he was struck on the Plank road, a paved highway, just outside of Baton Rouge, between 8 and 9 o'clock p. m. The car that struck plaintiff was being driven by defendant's minor son, and was traveling in a northerly direction. The claim is for $5,000, and judgment was rendered in favor of plaintiff for $750. Defendant has appealed.

There are three questions presented in the proper disposition of this case, viz.: (1) Was the driver of the car guilty of negligence? (2) Was the plaintiff guilty of contributory negligence? (3) Does the doctrine of "last clear chance" apply?

### The facts.

There is not a great deal of dispute as to how the accident occurred. Plaintiff, a colored man about 65 years old, was walking up the highway, going in the same direction as the car driven by defendant's son. The old negro was unquestionably so drunk that he could not walk straight, but staggered backwards and forwards from the shoulder of the road on the east or right-hand side onto the pavement in front of oncoming traffic. Just before the car driven by defendant's son struck, another car had passed plaintiff, and the occupants of this car had yelled to plaintiff to get off the highway. Plaintiff was then some 3 feet over on the pavement, facing north, and staggered back onto the shoulder on the east side of the road.

Defendant's son (hereafter called the driver) was coming from Baton Rouge with a companion named Roundtree where they had attended a show, and on their way home stopped at a roadhouse some 250 feet south of the point of the accident for the purpose of getting some ice cream. They then proceeded north on the right-hand lane of traffic at about 25 miles per hour, with the lights on the car set at low vision, but burning brightly.

The driver says that he could see about 25 or 30 feet ahead of him with his vision cut down by a car coming from the opposite direction; that he did not see plaintiff until within 5 feet of him, when plaintiff suddenly came into his view in front of the car, in the middle of the right traffic lane; that plaintiff was walking up the road directly ahead of him, and he struck plaintiff, knocking him down just in front of the car; that the car went about 5 feet further after striking plaintiff. The driver stated that plaintiff came into his view and he saw him for the first time just after the car coming from the other direction passed the driver's car; that he was going from 20 to 25 miles per hour when the other car met him; that as soon as he saw plaintiff when about 5 feet from him, he applied the brakes and came to a stop after going about 5 feet from where he struck plaintiff. The driver did not know whether plaintiff came from the shoulder on the pavement directly in front of him, or whether plaintiff was walking on the pavement in front of him. In any event, plaintiff was struck near the center of the right traffic lane.

1. If plaintiff was walking up the road ahead of the driver, and the driver could see ahead of him as he says, 25 to 30 feet, he admits his negligence in failing to keep a proper lookout when he says that he did not see plaintiff until within 5 feet of him, and traveling 20 to 25 miles per hour. The rules of the road, established by statute (rule 4, section 3 of Act No. 21 of 1932), require a motorist to operate his automobile on the highways in a careful, prudent, reasonable, and proper speed, having due regard to the conditions which might impair his vision. In this respect the law is succinctly stated in American Jurisprudence, Vol. 5, page 617, last paragraph of § 205, as follows: "Under a statute requiring persons driving automobiles on public highways to drive them in a careful and prudent manner, and at a rate of speed not greater than is reasonable and proper, having regard to the traffic and use of the highway, a driver is, as a matter of law, negligent, if, on a dark night, with a dark roadbed, he continues to travel at 20 to 25 miles an hour after his vision has been obscured by the glare of the lights on an approaching car, so that he cannot see objects in front of him."

However, if plaintiff staggered from the shoulder of the road onto the pavement directly in front of the driver, an inference that seems to be justified from the evidence, the driver is still not shown to be free of negligence under the sudden emergency doctrine. There was no obstruction in the highway nor on the shoulder to prevent the driver from seeing plaintiff

if and when he staggered from the shoulder into the highway. It is evident that plaintiff did not precipitately and at right angles come into the highway, for the driver says that when he saw plaintiff, he (plaintiff) was walking up the road in front of him. The driver, according to his own testimony, could have seen plaintiff at least 25 or 30 feet ahead of him, whether plaintiff was walking on the shoulder or on the pavement. It was the duty of the driver to observe this drunken man staggering in the manner heretofore described, and to exercise the same degree of reasonable care as he would in the case of a child or helpless person.

■ 2. The defendant pleads contributory negligence on the part of the plaintiff, in that plaintiff was walking on the wrong side of the road at a time when traffic was heavy; that plaintiff was so drunk that he did not know on which side of the road he was walking. Plaintiff was guilty of negligence in walking on the right-hand side of the road, in the traffic lane of cars going in the same direction, at night and while in an intoxicated condition. Section 3, rule 11, of Act No. 21 of 1932, requires pedestrians to walk on their left side of the highway and as near to the left edge as possible, and if they fail to do so they shall be regarded prima facie at fault and liable for any consequences. Whether the plaintiff suddenly staggered out in front of the car, or was walking in front of the car, in the middle of the lane of traffic where he was struck, in such a condition as not to be able to realize the danger, he was guilty of contributory negligence.

■ 3. It is urged by plaintiff, and was so held by the trial court, that even though plaintiff was guilty of contributory negligence, the defendant is liable under the doctrine of last clear chance. Plaintiff by putting himself on the wrong side of the traffic, and while in such a drunken condition as to be unable to see the danger or extricate himself from his peril, was guilty of negligence, which negligence continued down to the time he was struck. But if the driver saw, or could have seen by the exercise of reasonable care, the dangerous and perilous position in which plaintiff had placed himself, and could have avoided striking him by the exercise of due care, but failed to do so, the defendant is responsible for the injury. Loewenberg v. Fidelity Union Casualty Co. et al. (La.App.) 147 So. 81; Harlow. v. Owners' Automobile Ins. Co. et al. (La.App.) 160 So. 169; Igle-

sias v. Campbell (La.App.) 175 So. 145; Burvant et ux. v. Wolfe, 126 La. 787, 52 So. 1025, 29 L.R.A.(N.S.) 677; Tyer v. Gulf, C. & S. F. Ry. Co., 143 La. 177, 78 So. 438.

If we apply the doctrine announced in the above cases, and many others of similar import in this state, it would be necessary to determine whether or not the driver should have discovered the perilous condition of plaintiff before getting within 5 feet of him, as seems to be the case. In that case, as has already been said, the driver should have seen plaintiff and his perilous position in time to stop and avoid hitting him. The cited cases clearly hold that, in the application of the last clear chance doctrine, even though the plaintiff by his negligence has placed himself in a position of danger and the driver has not discovered the danger, but by the use of ordinary care could have done so, he is still liable. But the recent case of Rottman v. Beverly, 183 La. 947, 165 So. 153, has clearly modified the doctrine in so far as this state is concerned by limiting the liability in such cases only when it is shown that the defendant actually discovered the perilous position of plaintiff in time to prevent the accident, and failed to do so. The syllabus of that case reflects the decision of the Supreme Court:

"Where plaintiff's peril brought about by his own negligence is not discovered by defendant because of defendant's negligence plaintiff cannot recover for resulting injuries, since proximate cause of injury cannot be determined.

"Where defendant actually discovers plaintiff's danger resulting from his own negligence, defendant has duty to save plaintiff from consequences of such negligence."

The Court of Appeal of the Second Circuit apparently followed this interpretation of the doctrine in the case of Monk v. Crowell & Spencer Lbr. Co., 168 So. 360. Nor does there seem to be any intention on the part of the Supreme Court to depart from the doctrine laid down in the Rottman Case in the recent case of Hicks v. Texas & New Orleans R. Co., 186 La. 1008, 173 So. 745, as the facts in this later case showed that the perilous position of plaintiff was actually discovered by defendant's employees in time to prevent the accident by the use of proper care.

Applying the rule laid down in the Rottman Case, plaintiff cannot recover. The driver did not actually discover the dan-

gerous position of plaintiff on the highway until within 5 feet of him. The driver tried to stop, but could not do so. He was guilty of no further negligence after discovering the peril in which plaintiff had placed himself by his own negligence.

For these reasons, the judgment appealed from is hereby reversed, annulled, and set aside, and plaintiff's suit is hereby dismissed.